UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

---

VINCENT ANTHONY CICENIA,

                Plaintiff

v.

CITY OF ORANGE, POLICE OFFICER
R. ARIAS VASQUEZ, POLICE
DIRECTOR, HAKIM SIMS, MAYOR
DWAYNE D. WARREN, and JOHN DOE
POLICE OFFICERS #1-4,

        Defendants.

---

Civil Action No. 2:15-cv-06531

**ANSWER, SEPARATE DEFENSES,**
**CROSSCLAIM, DENIAL OF**
**CROSSCLAIMS, AND JURY DEMAND**

---

Defendants, City of Orange Township (improperly plead as "City of Orange") and Mayor Dwayne D. Warren, by way of Answer to the Plaintiff's Complaint, says as follows:

## I. PRELIMINARY STATEMENT

1. Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation. To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

## II. JURISDICTION

2. Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation. To the extent any

allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

3.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

III.   <u>PARTIES</u>

4.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

5.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, admit the allegations of Paragraph 5 of Plaintiff's Complaint.

6.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, admit that Defendant, Police Officer R. Arias-Vasquez, is employed by the City of Orange Township, but deny the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

7.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township and Mayor

-2-

Dwayne D. Warren, the same are denied.

8.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township and Mayor Dwayne D. Warren, the same are denied.

9.   Defendant, Mayor Dwayne D. Warren admits he is the Mayor of the City of Orange Township on September 12, 2013, however, as to the remaining allegations and as to Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

10.   [OMITTED]

## IV.   A COUNT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AGAINST POLICE OFFICER R. ARIAS-VASQUEZ AND JOHN DOES 1-4

11.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

12.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any

allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

13.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

14.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

15.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

16.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

17.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a

belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## V.   A COUNT FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS AGAINST MAYOR DWAYNE D. WARREN AND POLICE DIRECTOR, HAKIM SIMS

18.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 17 as if fully set forth at length herein.

19.   Defendant, Mayor Dwayne D. Warren, admits he is the Mayor of the City of Orange Township, however as to the remaining allegations and as to Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation. To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

20. Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 20 of Plaintiff's Complaint.

21.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 21 of Plaintiff's

Complaint.

22.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 22 of Plaintiff's Complaint.

23.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 23 of Plaintiff's Complaint.

24.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 24 of Plaintiff's Complaint.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

### VI.   <u>A COUNT FOR PUNITIVE DAMAGES PURSUANT TO PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS</u>

25.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and realleges each and every response contained in Paragraphs 1 - 24 as if fully set forth at length herein.

26. Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 25 of Plaintiff's Complaint.

27.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 28 of Plaintiff's Complaint.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

VII.  <u>A COUNT FOR ASSAULT AND BATTERY PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT</u>

29.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 28 as if fully set forth at length herein.

30.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

31.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

32.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

34.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, admit as the Township finds no liability as to any Defendant and denies any liability and damages to Plaintiff.

35.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township and Mayor Dwayne D. Warren, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## VIII.   A COUNT FOR NEGLIGENT EXCESSIVE USE OF FORCE AGAINST POLICE OFFICER R. ARIAS-VASQUEZ AND POLICE OFFICERS JOHN DOES 1-4

36.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 35 as if fully set forth at length herein.

37.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any

allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

38.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

39.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

40.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

41.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 41 of Plaintiff's Complaint.

42.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, admit Plaintiff filed a Notice of Tort Claims, but deny the remaining allegations of Paragraph 42 of Plaintiff's Complaint.

43.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

### IX.   A CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION UNDER THE NEW JERSEY TORT CLAIMS ACT

44.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 35 as if fully set forth at length herein.

45.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

46.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

47.   Defendants, City of Orange Township and Mayor Dwayne D.

Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

48.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

49.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.  Note: Plaintiff did not name the Orange Police Department as a Defendant in the caption, and this relates to the City of Orange Township, and as such, the same is denied.

50.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, admit a Tort Claims Notice was received, however, deny the remaining allegations of Paragraph 51 of Plaintiff's Complaint.

52.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## X.   A CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO THE NEW JERSEY STATE CONSTITUTION

53.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 52 as if fully set forth at length herein.

54.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

55.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 55 of Plaintiff's Complaint.

56.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a

belief as to the truth of this allegation.   To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## XI.   A CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO THE NEW JERSEY CIVIL RIGHTS ACT

57.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 56 as if fully set forth at length herein.

58.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 58 of Plaintiff's Complaint.

59.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 59 of Plaintiff's Complaint.

60.  Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.   To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's

Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## XII.   A CAUSE OF ACTION FOR PUNITIVE DAMAGES ON PLAINTIFF'S STATE LAW CLAIMS

61.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, repeat and reallege each and every response contained in Paragraphs 1 - 56 as if fully set forth at length herein.

62.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, are without knowledge or information sufficient to form a belief as to the truth of this allegation.  To the extent any allegations are directed at the City of Orange Township or Mayor Dwayne D. Warren, the same are denied.

63.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 63 of Plaintiff's Complaint.

64.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 64 of Plaintiff's Complaint.

65.   Defendants, City of Orange Township and Mayor Dwayne D. Warren, deny the allegations of Paragraph 65 of Plaintiff's Complaint.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand judgment dismissing Plaintiff's Complaint, attorney's fees, costs and such other relief as this Court may deem proper and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any and all claims that Plaintiff made against the answering Defendants are barred by the New Jersey Tort Claims Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's punitive damages as against the Defendants, City of Orange Township, and Mayor Dwayne D. Warren, must be dismissed because same are not permitted by law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action as against Defendants, City of Orange Township and Mayor Dwayne D. Warren.

### FOURTH AFFIRMATIVE DEFENSE

There is no improper conduct of these Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries and/or damages allegedly sustained by Plaintiff or caused by the joint or several negligence and/or intentional acts of Co-Defendants and/or Third Parties over which the answering Defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred in whole or in part by the Doctrine of Comparative Negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because Plaintiff has unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Doctrine of Estoppel.

### TENTH AFFIRMATIVE DEFENSE

The sole negligence or conduct of the Plaintiff was the cause of any alleged damages by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

These Defendants had no duty towards Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

These Defendants are immune from suit pursuant to the provisions of N.J.S.A. 59:5-4.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any liability which otherwise be imposed upon the answering Defendants must be reduced by the application of the standard of comparative negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

The answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:2-1.

### FIFTEENTH AFFIRMATIVE DEFENSE

The answering Defendants are not liable to Plaintiff pursuant to N.J.S.A. 59:2-2(b).

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting liability, any alleged action or failure to act on the part of the answering Defendants was in the nature of discretionary activity within the meaning of N.J.S.A. 59:2-3 and accordingly, no liability may be imposed upon the answering Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:3-2.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery to which Plaintiff might otherwise be entitled is subject to the reduction in accordance with the limitations on damages pursuant to N.J.S.A. 59:9-2.

### NINETEENTH AFFIRMATIVE DEFENSE

Any acts and/or admissions and/or negligence, if any, on the part of the answering Defendants is not the proximate cause of any damages or injuries which may have been sustained by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

The answering Defendants are immune from suit pursuant to the provisions of N.J.S.A. 59:2-10.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The answering Defendants assert that they are entitled to complete immunity by the virtue of N.J.S.A. 59:4-1 et. seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The answering Defendants' claim is limited by <u>N.J.S.A.</u> 2A:15-97.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for this Court does not have subject matter or personal jurisdiction of this matter.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred for Plaintiff has failed to comply with the requirements set forth in 42 U.S.C. 1983 <u>et.</u> <u>seq</u>.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Statute of Limitations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred for Plaintiff has filed this action in an improper venue.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to insufficiency of process.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION AGAINST CO-DEFENDANTS DEMAND FOR CONTRIBUTION

1.  At the time and place mentioned in Plaintiff's Complaint, the damages allegedly sustained by Plaintiff resulted solely from the negligence, recklessness and/or intentional acts of

the Co-Defendants and responsibility is therefore, upon said Co-Defendants, or if there was any negligence, recklessness and/or acts on part of the Defendants, City of Orange Township and Mayor Dwayne D. Warren, which is hereby denied, the negligence, recklessness and/or intentional acts of Co-Defendants were a major contributing factor therein and Co-Defendants are liable.

2.    By reasons of the negligence, recklessness and/or intentional acts of said Co-Defendants and pursuant to the provisions of the Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53(A)-1 et seq., Defendants, City of Orange Township and Mayor Dwayne D. Warren, is entitled to recover from said Co-Defendants a proportionate share or all of which Plaintiff may recover.

**WHEREFORE**, Defendants, City of Orange Township and Mayor Dwayne D. Warren, demand judgment of negligence, recklessness and/or intentional acts against said Co-Defendants and further demand judgment against said Co-Defendants in favor of Plaintiff and this by virtue of said Joint Tortfeasor Contribution Law.

<u>DEMAND FOR INDEMNIFICATION</u>

Defendants, City of Orange Township and Mayor Dwayne D. Warren, while denying negligence, recklessness and/or intentional acts, assert that the negligence, recklessness and/or intentional acts, if any, were that of the Co-Defendants aforesaid and that

-19-

the liability of Defendants, City of Orange Township and Mayor
Dwayne D. Warren, if any and which is denied, was derivative and
secondary in nature and the liability of the said Co-Defendants
was the primary character, thus giving rise to a duty on the of
the said Co-Defendants to hold Defendants, City of Orange
Township and Mayor Dwayne D. Warren, harmless and indemnify the
Defendants, City of Orange Township and Mayor Dwayne D. Warren,
from any loss herein.

    **WHEREFORE**, Defendants, City of Orange Township and Mayor
Dwayne D. Warren, demand judgment for full indemnification from
all other Co-Defendants together with lawful interest and costs
of suit.

<u>DEMAND FOR CONTRACTUAL INDEMNIFICATION</u>

    Defendants, City of Orange Township and Mayor Dwayne D.
Warren, hereby demand of all said remaining Co-Defendants
complete contractual indemnification if any, as to liability and
to complete defense of the within action pursuant to the
contractual agreement, if any, effective between the parties with
reference to this cause of action.

    **WHEREFORE**, Defendants, City of Orange Township and Mayor
Dwayne D. Warren, demand judgment for complete indemnification,
defense and costs from all remaining Co-Defendants.

<u>RESERVATION OF RIGHT AND</u><br><u>CLAIM FOR ATTORNEY'S FEES AND COSTS</u>

-20-

Pursuant to the provisions of the Frivolous Law Act N.J.S.A. 2A:15-59.1 et. seq. and New Jersey Federal District Court Rule 11, Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby assert a claim against the Plaintiff for reimbursement of all attorney's fees and costs associated with this defense of the action.

### DEMAND FOR DAMAGES

You are hereby requested and required to furnish to the undersigned within five (5) days, a written statement of the amount of damages claims in this action.

### DEMAND FOR PRODUCTION OF STATEMENTS

Demand is hereby made that you provide the attorney filing this pleading with true and complete copies of any statements made by the client of this attorney. This demand is deemed to be continuing.

### DEMAND FOR INTERROGATORIES

Demand is hereby made that you serve upon the undersigned copies of all Interrogatories propounded by you to any party and answered by them. This demand is deemed to be continuing.

### DENIAL OF CROSSCLAIMS AND CONTRIBUTIONS

The answering Defendants deny any and all crossclaims and contributions that may be asserted against them.

## JURY DEMAND

Defendants, City of Orange Township and Mayor Dwayne D. Warren, hereby demand a trial by jury on all issues presented herein.

## DESIGNATION OF TRIAL COUNSEL

David C. Stanziale, Esq., is hereby designated as trial counsel for Defendants, City of Orange Township and Mayor Dwayne D. Warren.

## CERTIFICATION

It is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge and belief.  Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in the within action.

**DAVID C. STANZIALE, LLC**
Attorneys for Defendants,
 City of Orange Township and
 Mayor Dwayne D. Warren

DATED: October 27, 2015          By: /s/ DAVID C. STANZIALE
                                     **DAVID C. STANZIALE**

-22-

## CERTIFICATION

I certify that this pleading was served within the time prescribed by the Rules of the Court.

**DAVID C. STANZIALE, LLC**
Attorneys for Defendants,
 City of Orange Township and
 Mayor Dwayne D. Warren

DATED: October 27, 2015          By: /s/ DAVID C. STANZIALE
                                  **DAVID C. STANZIALE**

**DAVID C. STANZIALE, LLC**
**David C. Stanziale, Esq., NJ Atty. ID #017241991**
552 High Mountain Road
North Haledon, New Jersey 07508
(973) 955-0470
Attorney for Defendants, City of Orange Township
 and Mayor Dwayne D. Warren

-23-