LAMB KRETZER, LLC
COUNSELLORS AT LAW
1103 MEADOWLANDS PARKWAY, SUITE 201
SECAUCUS, NJ 07094
Telephone: (201) 798-0400
Attorneys for Defendant, Orange Police Officer, R. Arias Vasquez
Our File No. 15.6398
Attorney ID # 1281992

---

| | |
|---|---|
| VINCENT ANTHONY CICENIA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ORANGE, POLICE OFFICER R. ARIAS VASQUEZ, POLICE DIRECTOR, HAKIM SIMS, MAYOR DWAYNE D. WARREN AND JOHN DOE POLICE OFFICERS 1-4,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY COUNTY<br>DOCKET NO. 2:15-cv-06531-MCA-LDW<br><br>Civil Action<br><br>ANSWER TO COMPLAINT; DEMAND FOR STATEMENT OF DAMAGES; DESIGNATION OF TRIAL COUNSEL; AND JURY DEMAND |

---

Defendant, Orange Police Officer, R. Arias Vasquez, by way of Answer to the Complaint, says:

### I. PRELIMINARY STATEMENT

1.  This defendant denies each and every allegation contained herein.

### II. JURISDICTION

2.  This defendant denies each and every allegation contained herein.

3.  This defendant denies each and every allegation contained herein.

### III. PARTIES

4.  This defendant denies each and every allegation contained herein.

5.  This defendant admits each and every allegation contained herein.

6. This defendant denies each and every allegation contained herein.

7. This defendant denies each and every allegation contained herein.

8. This defendant denies each and every allegation contained herein.

9. This defendant denies each and every allegation contained herein.

## IV. A COUNT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AGAINST POLICE OFFICER R. ARIAS-VASQUEZ AND JOHN DOES 1-4

11. This defendant denies each and every allegation contained herein.

12. This defendant denies each and every allegation contained herein.

13. This defendant denies each and every allegation contained herein.

14. This defendant denies each and every allegation contained herein.

15. This defendant denies each and every allegation contained herein.

16. This defendant denies each and every allegation contained herein.

17. This defendant denies each and every allegation contained herein.

## V. A COUNT FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS AGAINST MAYOR DWAYNE D. WARREN AND POLICE DIRECTOR HAKIM SIMS

18. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

19. This defendant denies each and every allegation contained herein.

20. This defendant denies each and every allegation contained herein.

28. This defendant denies each and every allegation contained herein.

22. This defendant denies each and every allegation contained herein.

23. This defendant denies each and every allegation contained herein.

24. This defendant denies each and every allegation contained herein.

VI. **A COUNT FOR PUNITIVE DAMAGES PURSUANT TO PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS**

25. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

26. This defendant denies each and every allegation contained herein.

27. This defendant denies each and every allegation contained herein.

28. This defendant denies each and every allegation contained herein.

VII. **A COUNT FOR ASSAULT AND BATTERY PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT**

29. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

30. This defendant denies each and every allegation contained herein.

31. This defendant denies each and every allegation contained herein.

32. This defendant denies each and every allegation contained herein.

33. This defendant denies each and every allegation contained herein.

34. This defendant denies each and every allegation contained herein.

35. This defendant denies each and every allegation contained herein.

### VIII. A COUNT FOR NEGLIGENCE EXCESSIVE USE OF FORCE AGAINST POLICE OFFICER R. ARIAS-VASQUEZ AND POLICE OFFICERS JOHN DOES 1-4

36. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

37. This defendant denies each and every allegation contained herein.

38. This defendant denies each and every allegation contained herein.

39. This defendant denies each and every allegation contained herein.

40. This defendant denies each and every allegation contained herein.

41. This defendant denies each and every allegation contained herein.

42. This defendant denies each and every allegation contained herein.

43. This defendant denies each and every allegation contained herein.

### IX. A CAUSE OF ACTION FOR NEGLIGENT HIRING RETENTION AND SUPERVISION UNDER THE NEW JERSEY TORT CLAIMS ACT

44. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

45. This defendant denies each and every allegation contained herein.

46. This defendant denies each and every allegation contained herein.

47. This defendant denies each and every allegation contained herein.

48. This defendant denies each and every allegation contained herein.

49. This defendant denies each and every allegation contained herein.

50. This defendant denies each and every allegation contained herein.

51. This defendant denies each and every allegation contained herein.

52. This defendant denies each and every allegation contained herein.

### X. A CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO THE NEW JERSEY STATE CONSTITUTION

53. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

54. This defendant denies each and every allegation contained herein.

55. This defendant denies each and every allegation contained herein.

56. This defendant denies each and every allegation contained herein.

## XI. A CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO THE NEW JERSEY CIVIL RIGHTS ACT

57. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

58. This defendant denies each and every allegation contained herein.

59. This defendant denies each and every allegation contained herein.

60. This defendant denies each and every allegation contained herein.

## XII. A CAUSE OF ACTION FOR PUNITIVE DAMAGES ON PLAINTIFF'S STATE LAW CLAIMS

61. This defendant repeats each and every answer given in the previous Counts hereof as though fully set forth at length herein.

62. This defendant denies each and every allegation contained herein.

63. This defendant denies each and every allegation contained herein.

64. This defendant denies each and every allegation contained herein.

65. This defendant denies each and every allegation contained herein.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted and should, therefore, be dismissed.

### SECOND SEPARATE DEFENSE

These defendants did not owe any duty to the plaintiff, which was breached.

### THIRD SEPARATE DEFENSE

The doctrine of waiver serves as a bar to plaintiff's claims.

### FOURTH SEPARATE DEFENSE

The doctrine of laches serves as a bar to plaintiff's claims.

### FIFTH SEPARATE DEFENSE

The defense of estoppel is asserted as a bar to the within cause of action.

### SIXTH SEPARATE DEFENSE

These defendants assert the defense of assumption of risk as barring any relief or recovery by the plaintiff.

### SEVENTH SEPARATE DEFENSE

These defendants assert the defense of "good faith" actions.

### EIGHTH SEPARATE DEFENSE

These defendants at all times acted in good faith in accordance with all applicable standards pertaining to their authority and probable cause, and accordingly, the Complaint should be dismissed.

### NINTH SEPARATE DEFENSE

Plaintiff has failed to provide a timely and sufficient Notice of Claim under the Tort Claims Act and the claims for damages are, therefore, barred.

### TENTH SEPARATE DEFENSE

Plaintiff has failed to follow and meet the procedural requirements of the New Jersey Tort Claims Act and the claims are, therefore, barred.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the substantive provisions of the New Jersey Tort Claims Act.

### TWELFTH SEPARATE DEFENSE

Plaintiff's punitive damage claims are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:9-2.

### THIRTEENTH SEPARATE DEFENSE

Any recoveries to which plaintiff may be entitled against these defendants are subject to the limitations on damages provided by N.J.S.A. 59:9-2 and any award must be reduced in accordance with said statute.

### FOURTEENTH SEPARATE DEFENSE

The claims for punitive damages against these defendants are barred by law.

### FIFTEENTH SEPARATE DEFENSE

These defendants were acting within the scope of his authority and have "qualified immunity" and as such, the complaint should be dismissed.

### SIXTEENTH SEPARATE DEFENSE

These defendants acted on reasonable grounds without malice, and therefore, are not responsible to the plaintiff in damages.

### SEVENTEENTH SEPARATE DEFENSE

The accident and damages alleged in the Complaint resulted from the negligence of third parties over whom these defendants had no control.

### EIGHTEENTH SEPARATE DEFENSE

Defendants herein are entitled to qualified immunity and the complaint should, therefore, be dismissed.

### NINETEENTH SEPARATE DEFENSE

The accident and damages alleged in the Complaint resulted from the sole negligence of the plaintiff.

### TWENTIETH SEPARATE DEFENSE

The plaintiff was guilty of negligence which proximately contributed to the happening of the accident and damages alleged in the Complaint.

### TWENTY-FIRST SEPARATE DEFENSE

These defendants are free of any and all negligence.

### TWENTY-SECOND SEPARATE DEFENSE

The defendants' conduct was not the proximate cause of the plaintiff's alleged damages.

### TWENTY-THIRD SEPARATE DEFENSE

These defendants are immune from any and all liability by virtue of the applicable statutes of the State of New Jersey.

### TWENTY-FOURTH SEPARATE DEFENSE

The cause of action alleged in the Complaint falls within the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and the defendants are therefore immune from liability.

### TWENTY-FIFTH SEPARATE DEFENSE

These defendants expressly plead and specifically reserve and implead all rights, remedies and immunities pursuant to the provisions of the New Jersey State Tort Claims Act, N.J.S.A. 59:1-1, et seq., and as such, the plaintiff is barred from recovery.

### TWENTY-SIXTH SEPARATE DEFENSE

These defendants assert all immunities, rights and privileges afforded by the Tort Claims Act, N.J.S.A. 59:1-1, et seq., including, but not limited to Sections 2-2, 2-3, 2-6, 2-7, 3-1, 3-

2, 3-3, 3-4, 3-5, 3-7, 3-8, 3-10, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8, 4-9, 5-4, 8-3, 8-4, 8-5, 8-5, 8-7, 8-8, 8-10, 9-2, 9-3, 9-4 and 9-6.

### TWENTY-SEVENTH SEPARATE DEFENSE

This action is barred by the procedural provisions of N.J.S.A. 59:1-1, et seq., in that plaintiff did not comply with the preconditions of filing suit.

### TWENTY-EIGHTH SEPARATE DEFENSE

These defendants are immune from any prejudgment interest in the event of judgment pursuant to Chapter 9, § 2 of Title 59 of the New Jersey Revised Statutes.

### TWENTY-NINTH SEPARATE DEFENSE

These defendants are immune from liability for any damages for pain and suffering pursuant to N.J.S.A. 59:9-2(d).

### THIRTIETH SEPARATE DEFENSE

At all times alleged, these defendants conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations relative to the within action, which compliance bars the claims asserted against them.

### THIRTY-FIRST SEPARATE DEFENSE

The Complaint is barred by the statute of limitations.

### THIRTY-SECOND SEPARATE DEFENSE

These defendants reserve the right to apply to this Court for the imposition of sanctions against the plaintiff, and to make application for counsel fees and costs of this suit, pursuant to 42 U.S.C.A. § 1988 on the basis that the within cause of action is wholly without merit, is frivolous and has been instituted by the plaintiff in bad faith and with the intent to harass defendants and

to cause them to incur great expenses in defense of their lawful duties as police officers, all to defendants' damage.

### THIRTY-THIRD SEPARATE DEFENSE

Any injury occurring to the plaintiff was the direct and proximate result of the plaintiff's unlawful conduct.

### THIRTY-FOURTH SEPARATE DEFENSE

These defendants acted reasonably and properly under the circumstances, pursuant to reasonable suspicion and/or probable cause.

### THIRTY-FIFTH SEPARATE DEFENSE

These defendants did not assault plaintiff.

### THIRTY-SIXTH SEPARATE DEFENSE

These defendants did not commit a battery against plaintiff.

### THIRTY-SEVENTH SEPARATE DEFENSE

These defendants acted pursuant to probable cause at all times.

### THIRTY-EIGHTH SEPARATE DEFENSE

The conduct of these defendants in assisting in the detention of plaintiff was reasonable and proper.

### THIRTY-NINTH SEPARATE DEFENSE

Any action or failure to act on the part of these defendants was in the nature of the discretionary activity within the meaning of N.J.S.A. 59:2-3 and accordingly, no liability may be imposed upon them.

### FORTIETH SEPARATE DEFENSE

These defendants were under a duty to investigate and act upon allegations of criminal activity.

### FORTY-FIRST SEPARATE DEFENSE

This Court Lacks jurisdiction over the subject matter of this action.

### FORTY-SECOND SEPARATE DEFENSE

The Summons and Complaint of the plaintiff is defective because of insufficiency of process and/or insufficiency of service of process.

### FORTY-THIRD SEPARATE DEFENSE

These defendants reserve the right to move for a dismissal of the plaintiff's Complaint.

### FORTY-FOURTH SEPARATE DEFENSE

Probable cause existed for the arrest of and criminal charges against plaintiff.

### FORTY-FIFTH SEPARATE DEFENSE

The plaintiff's Complaint is barred for plaintiff has failed to comply with the requirements set forth in 42 U.S.C. and § 1982 et seq.

### DEMAND FOR STATEMENT OF DAMAGES

Defendant, Orange Police Officer, R. Arias Vasquez, demand that the plaintiff, within five (5) days after service hereof, shall furnish with a written Statement of the amount of damages claimed in this action.

### DESIGNATION OF TRIAL COUNSEL

Aldo J. Russo is designated as trial counsel for the Defendant, Orange Police Officer, R. Arias Vasquez.

### DEMAND FOR JURY

Defendant, Orange Police Officer, R. Arias Vasquez, hereby demand a trial by jury on all issues contained herein.

```
                        LAMB KRETZER, LLC
                        Attorneys for Defendant,
                        Orange Police Officer, R. Arias Vasquez


                        BY:_____
                            ALDO J. RUSSO
```

DATED:    November 2, 2015

### CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not subject to any other action pending in any other court, or of a pending arbitration proceeding, to the best of our knowledge and belief.

Also, to the best of our belief, no other action or arbitration proceeding is contemplated.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Further, other than the parties set forth in this pleading and previous pleadings, at the present time we know of no other parties that should be joined in the within action.

```
                        LAMB KRETZER, LLC
                        Attorneys for Defendant,
                        Orange Police Officer, R. Arias Vasquez


                        BY:_____
                            ALDO J. RUSSO
```

DATED:    November 2, 2015